## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS
## WESTERN DIVISION

| | | |
|---|---|---|
| Brooke N., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No.   21 C 50364 |
| v. | ) | |
| | ) | Hon. Margaret J. Schneider |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

It is this Court's Report and Recommendation to the District Court that Defendant's motion to dismiss (taken as a motion for summary judgment) [13], be granted. Any objection must be filed by November 4, 2022. Failure to object may constitute a waiver of objections on appeal. Fed. R. Civ. P. 72(b); *Provident Bank v. Manor Steel Corp.*, 882 F.2d 258, 260 (7th Cir. 1989).

## BACKGROUND

Plaintiff Brooke N. ("Plaintiff") filed an application for Social Security disability insurance benefits and an application for supplemental security income under Titles II and XVI of the Social Security Act. On November 24, 2020, an administrative law judge ("ALJ") with the Social Security Administration ("Administration") granted a partially favorable decision. Plaintiff sought review of this decision by the Appeals Council. On March 26, 2021, the Appeals Council denied Plaintiff's request for review of the ALJ's decision. Plaintiff, *pro se*, now seeks judicial review of the ALJ's decision, which stands as the final decision of the Commissioner. *See* 42 U.S.C. § 405(g); *Schmidt v. Astrue*, 496 F.3d 833, 841 (7th Cir. 2007). Now before the Court is Defendant's motion to dismiss Plaintiff's complaint [13]. Defendant's motion included a Declaration of Christianne Voegele, Chief of Court Case Preparation and Review Branch 1 of the Office of Appellate Operations, Social Security Administration [14-1]. Plaintiff filed a response to the motion [17], and Defendant filed a reply [18]. Notably, on January 24, 2021, the District Court issued an order that Defendant's motion to dismiss contained evidence outside of the pleading; therefore, the District Court ruled that Defendant's motion to dismiss would be treated as a motion for summary judgment under Fed. R. Civ. P. 12(d). *See* [15]. After reviewing the filings, on September 2, 2022, the Court issued an order giving Plaintiff the opportunity to submit any additional documents she wished the Court to consider in support of her response brief. *See* [22]. On September 23, 2022, Plaintiff submitted a three-page filing [24]. Plaintiff did not submit any additional documents or evidence but merely restated her original arguments.

1

## ANALYSIS

Defendant argues Plaintiff's complaint is untimely filed and, therefore, her action is barred. In support of her argument, Defendant notes the Appeals Council's March 26, 2021, letter to Plaintiff denying her request for review provided instruction on how to appeal the decision. Specifically, the letter states Plaintiff "may ask for court review of the Administrative Law Judge's decision by filing a civil action." The letter goes on to state "You may file a civil action (ask for court review) by filing a complaint in the United States District Court for the judicial district in which you live." As to the time to file a civil action, the letter directs:

- You have 60 days to file a civil action (ask for court review).
- The 60 days start the day after you receive this letter. We assume you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period.
- If you cannot file for court review within 60 days, you may ask the Appeals Council to extend your time to file. You must have a good reason for waiting more than 60 days to ask for court review. You must make the request in writing and give your reasons(s) in the request.

[14-1], p. 28. *See also* 42 U.S.C. § 405(g); Section 205(g) of the Social Security Act; 20 C.F.R. § 404.981, 422.210(c). According to Voegele's Declaration, this notice (setting forth the time to appeal by way of a civil action in the United States District Court) was sent directly to Plaintiff at her home address (which is the same address reflected on the docket of this case).[1] [14-1].

After receiving the letter from the Appeals Council, counsel for Plaintiff sent a letter dated May 20, 2021, to the Administration requesting an extension of time to file a civil action. [14-1], p. 33-34. On June 1, 2021, the Administration granted Plaintiff's request for additional time to file a civil action of 30 days from the date of receipt of the letter. [14-1], pp. 35-37. Defendant argues that while Plaintiff timely requested – and was granted – an extension of time to file a civil action, she was obligated to file her civil action by July 6, 2021 (taking into account the 5-day time frame to receive the Administration's letter). Plaintiff filed her civil action in this Court on September 21, 2021. Defendant argues Plaintiff's civil action is barred pursuant to 42 U.S.C. § 405(g).

Plaintiff argues the Court should deny Defendant's motion [17], [24]. Specifically, Plaintiff argues she received the time extension letter dated June 1 from her then ex-attorney (who had by then no longer represented her) late. The Court notes that Plaintiff has acknowledged receipt (albeit late) of the Administration's June 1 letter which specifically stated that her request for an extension of time to "file a civil action (ask for court review)," was granted.[2] Despite this directive, Plaintiff tells the Court she then attempted to file an appeal with the Administration on July 12, 2021. The Court gave Plaintiff the opportunity to provide the Court with this document, but nothing was

---

[1] Nowhere in Plaintiff's arguments does she state that she did not receive this correspondence explaining her rights and the timetable to file an appeal to this court.

[2] Additionally, the exhibit to the Declaration indicates that the Administration sent a copy of the June 1, 2021, letter directly to Plaintiff's home address.

filed.[3] Thereafter, Plaintiff states the Administration sent a return document to Plaintiff in August directing her to submit her appeal to the federal court by filing a civil action, but Plaintiff alleges she never received this document. Plaintiff then filed her claim September 21, 2021, in the Northern District of Illinois.

Plaintiff argues her 60-day time frame plus 30-day extension be tolled on account of: (1) lack of legal representation; and (2) missing/lost mail. Turning to Plaintiff's first argument, Plaintiff's lack of legal representation does not support a finding of either good cause or excusable neglect. *Jones v. Phipps*, 39 F.3d 158, 163 (7th Cir. 1994) (finding that, where plaintiff's attorney withdrew from representation, "[plaintiff's] lack of an attorney…[was not] a sufficient basis upon which to premise either a finding of 'good cause' … or … 'excusable neglect…'"). Indeed, "pro se litigants are not entitled to a general dispensation from the rules of procedure or court imposed deadlines." *Id.* (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991); *Averhart v. Arrendondo*, 773 F.2d 919, 920 (7th Cir. 1985)).

Next, we turn to Plaintiff's second argument – that she had received the June 1, 30-day extension letter from her then ex-attorney late, and that she had never received the August letter instructing her to file an extension in federal court. The doctrine of "equitable tolling" is permitted in the context of appealing ALJ judgments of disability benefits. *Bowen v. City of New York*, 476 U.S. 467, 480 (1986). And indeed, the district court may extend the time to file a notice of appeal if that party shows "excusable neglect or good cause." *Sherman v. Quinn*, 668 F.3d 421, 424-25 (7th Cir. 2012). This extension may be requested before *or after* the expiration of the original deadline. *Id.* (emphasis added). *See also United States v. Cates*, 716 F.3d 445, 447-48 (7th Cir. 2013). "[T]he excusable neglect standard applies in situation in which there is fault; in such situations, the need for extension is usually occasioned by something within the control of the movant." *Sherman*, 668 F.3d at 425 (quoting *Lorenzen v. Emps. Ret. Plan of the Sperry & Hutchinson Co.*, 896 F.2d 228, 232 (7th Cir. 1990)). "On the other hand, the good cause standard applies in situations in which there is no fault – excusable or otherwise." *Id.* (quoting *Lorenzen*, 895 F.3d at 232) (internal quotation marks omitted). Plaintiff has provided no argument or evidence to support an argument of "good cause." The Court will review Plaintiff's position under the excusable neglect theory.

The relevant circumstances when considering excusable neglect are: "(1) the danger of prejudice to the non-moving party; (2) the length of the delay and its impact on judicial proceedings; (3) the reason for the delay (i.e., whether it was within the reasonable control of the movant); and (4) whether the movant acted in good faith." *Satkar Hospitality, Inc. v. Fox Television Holdings*, 767 F.3d 701, 707 (7th Cir. 2014) (quoting *Sherman*, 668 F.3d at 425). "The first and second factors – the length of delay and prejudice to the opposing party – do little analytical work in this context and thus are rarely dispositive." *Id.* Indeed, while the delay to the opposing party is somewhat lengthy – (112) days – it is hard to imagine any prejudice towards the

---

[3] The Court's minute entry from September 2, 2022, states: "While the District Court has excused the parties from complying with Local Rule 56.1, the Court will allow Plaintiff to submit any evidence in support of Plaintiff's response that Defendant did not submit. Specifically, the Court notes Plaintiff has referred to a July 12 letter she states she sent to the Social Security Administration, a confirmed receipt of the letter on July 19, and an August correspondence from the Administration. If Plaintiff wishes the Court to review and consider these, or any other documents, in support of her response brief, she should file these documents with the Court by 09/23/22."

opposing party. Therefore, the Court focuses on the reason for delay and whether Plaintiff acted in good faith.

Plaintiff argues the June 1 extension letter was given to her late. In her supplemental brief, Plaintiff states, "I probably received it on June 7th." Plaintiff had 30 days from the receipt of the letter to file her appeal. Plaintiff filed her extension on July 12. Assuming Plaintiff could put forth evidence that the letter was received after June 12 (which seems unlikely given her representation in her supplemental brief), then her filing would have been timely (had she otherwise filed a civil action instead of sending a written appeal to the Administration). Nevertheless, the question of fact remains as to when exactly Plaintiff received the June 1 letter.

Defendant argues that it is irrelevant for purposes of timeliness when Plaintiff's ex-attorney delivered the June 1 extension letter to Plaintiff because a copy of that letter was also mailed directly to Plaintiff. However, it is unclear as to whether the letter was actually delivered and if not, then Plaintiff's lost mail in this particular context may qualify as excusable neglect. Thus, Defendant only raises another question of fact that cannot be resolved at summary judgment.

The excusable neglect doctrine excuses missed deadlines on account of, inter alia, "lost mail." *See Satkar*, 767 F.3d at 706 ("The excusable-neglect standard refers to the missing of a deadline as a result of such things as … lost mail..." (citations and quotations omitted)); *McCarty v. Astrue*, 528 F.3d 541, 544 (7th Cir. 2008) ("The term 'excusable neglect' as used in Rule 4(a)(5) refers to the missing of a deadline as a result of things such as … lost mail..."). Accordingly, excusable neglect could apply to the June 1 letter, and defeat Defendant's arguments in summary judgment.

However, as to why Plaintiff originally submitted a written appeal to the Administration on July 12 (and not the federal court), and then filed a civil action months later on September 21, excusable neglect is notably absent. Plaintiff sent a written appeal to the Administration, despite clear instructions from both the June 1 letter and the March 26 letter from the Appeals Council, to file an appeal in the United States District Court. Plaintiff does not dispute that she received both the March 26 and the June 1 correspondence – each of which explained how to file a civil action in federal court and the requisite deadlines. This is Plaintiff's error. As noted above, pro se litigants are bound to the same rules of procedure and court deadlines as licensed attorneys. *Phipps*, 39 F.3d at 163. Plaintiff offers no explanation as to why she did not follow the instructions on appealing the ALJ's decision.

Because the 60-day time period to appeal the ALJ's determination functions as a statute of limitation as opposed to a jurisdictional obstacle, Plaintiff's civil action is time barred due to her failure to file her civil action within the time frame specified by 42 U.S.C. § 405(g). *Loyd v. Sullivan*, 882 F.2d 218, 219 (7th Cir. 1989) ("[W]hile the sixty-day requirement presents no jurisdictional obstacle, it acts as a statute of limitation. Since [plaintiff] had failed to file his civil action within the time frame specified by 42 U.S.C. § 405(g), his action for court review of the denial of benefits was time-barred.").

## CONCLUSION

For the above stated reasons, it is this Court's Report and Recommendation to the District Court that Defendant's motion to dismiss (taken as a motion for summary judgment) [13], be

granted. Any objection may be filed by November 4, 2022. Failure to object may constitute a waiver of objections on appeal. Fed. R. Civ. P. 72(b); *Provident Bank v. Manor Steel Corp.*, 882 F.2d 258, 260 (7th Cir. 1989).

Date: 10/21/2022        ENTER:

<div style="margin-left:3em">
*Margaret J. Schneider*

United States Magistrate Judge
</div>