UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| BROOKE N., | ) | |
|     Plaintiff, | ) | |
| | ) | No. 21 CV 50364 |
| v. | ) | Judge Iain D. Johnston |
| | ) | |
| SOCIAL SECURITY ADMINISTRATION, | ) | |
|     Defendant. | ) | |

**ORDER**

    Plaintiff Brooke N. applied for disability benefits, alleging that she had been unable to work since March 2017. In November 2020, an Administrative Law Judge awarded her benefits, but only back to December 2019. The Appeals Council denied her request for review on March 26, 2021, and advised her that she had 60 days to file a civil action seeking court review. On May 20, 2021, her attorney sought an extension, which the Appeals Council granted on June 1, 2021, giving her an extra 30 days from receipt of its order granting the extension to file a civil action. Appeals Council decisions are considered received five days after sent unless the plaintiff can show she received it later than five days, and so her deadline to file a civil action was July 6, 2021. According to the plaintiff, her attorney no longer represented her after May 20201, and she filed this civil action *pro se* on September 21, 2021.

    Before the Court is a Report and Recommendation from Magistrate Judge Schneider that this Court grant the government's motion to dismiss, which is being construed as one for summary judgment, because this suit is untimely under 42 U.S.C. § 405(g). Judge Schneider rejected the plaintiff's argument that because she attempted to appeal to the Social Security Administration on July 12, 2021, her lawsuit should be considered timely. In reaching that decision, Judge Schneider noted that the plaintiff never provided documentation to show that she filed an appeal with the SSA, even after Judge Schneider gave her an additional chance to provide it after briefing of the motion to dismiss had been completed. *See* Dkt. 22. In addition, Judge Schneider noted that the Appeals Council advised the plaintiff in both its March 26, 2021, notice denying her request for review and in its June 1, 2021, order extending her deadline to file suit that her next step to seek review was to file a civil complaint in the United States District Court. Finally, Judge Schneider addressed the plaintiff's contention that her deadline should be tolled because she did not receive until June 7, 2021, the Appeals Council's June 1, 2021, decision extending her deadline to file suit. Judge Schneider concluded that even if the plaintiff first received notice of the extension of June 7, 2021, making her appeal due July 12, 2021, she had still not established excusable neglect or good cause for filing an appeal with the SSA rather than filing suit in District Court. Nor did she establish excusable neglect or good cause until September 21, 2021, to first file suit. In the absence of excusable neglect or good cause, Judge Schneider concluded that there was no basis for tolling the deadline. Judge Schneider gave the

plaintiff to November 4, 2022, to file any objection to the Report and Recommendation, and warned that failure to object may constitute a waiver of objections on appeal. *See* Dkt. 25.

To date, the plaintiff has filed nothing in response to Judge Schneider's Report and Recommendation, and has therefore forfeited any objection to the recommendation. In addition, the Court has carefully reviewed the Report and Recommendation and the parties' filings. Although the plaintiff asks that her lawsuit be considered timely because her disorders including narcolepsy leave her very ill and barely able to function. She also notes that by the time her suit was due, she was proceeding without a lawyer. But she has not explained how her disorders or lack of an attorney caused her to file the appeal she prepared on July 12, 2021, with the SSA, especially after the Appeals Council told her twice that her next step was District Court, or why she waited until September 21, 2021, to file suit.

This Court finds Judge Schneider's Report and Recommendation [25] to be well-reasoned, finds no clear error, and therefore accepts it. *See Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999) ("If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error."). As a result, the government's motion to dismiss [13], construed to be a motion for summary judgment, is granted and this case is dismissed. The clerk is directed to enter judgment and terminate this civil case.

Date: November 15, 2022    By: _____
                                Iain D. Johnston
                                United States District Judge